## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND McCAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 05-0615-WS-B |
| | ) | |
| LEXINGTON INSURANCE | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on defendant Lexington Insurance Company's Motion to Dismiss Plaintiff's Claims Against Defendant Ben Castleberry (doc. 3).[1]  On October 26, 2005, the undersigned entered an Order (doc. 9) providing that any party who opposed Lexington's Motion must file a response on or before November 7, 2005.  To date, plaintiff has not responded to the Motion, nor has he requested an enlargement of time in which to do so.  The deadline for submitting an opposition brief having long since lapsed and plaintiff not having sought an extension, the Motion is ripe for disposition.[2]

---

[1]     Lexington purported to file this Motion on Castleberry's behalf.  Given Castleberry's status as a named defendant in this action, with his own counsel of record, it is unclear why Castleberry did not file the Motion to Dismiss on his own behalf.

[2]     Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file.  *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it ...."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a ... motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant).  Clearly, "the onus is upon the parties to formulate arguments."  *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp.2d 1228, 1236 (M.D.

## I.     Background.

According to the well-pleaded allegations of the Complaint, at all times material hereto plaintiff Raymond McCain ("McCain") owned real property in Gulf Shores, Alabama, which he protected through a homeowners insurance policy issued by defendant Lexington Insurance Company ("Lexington").  (Complaint, ¶¶ 1, 5.)  McCain had acquired this policy through defendant Ben Castleberry ("Castleberry"), an insurance agent whose business is entitled Ben Castleberry & Associates.  (*Id.*, ¶ 5.)  On September 16, 2004, substantial harm befell McCain's property as a result of Hurricane Ivan's swath of destruction along the Gulf Coast, including structural damage, leaks, cracked porcelain tiles and damage to the exterior stucco system, yielding repair costs in excess of $144,732.56.  (*Id.*, ¶¶ 7, 15.)  McCain timely submitted an insurance claim under his homeowners insurance policy to Lexington through Castleberry; however, defendants never paid the claim.  (*Id.*, ¶¶ 8, 19.)[3]

On September 16, 2005, McCain filed a lawsuit against Lexington, Castleberry and certain fictitious defendants[4] in the Circuit Court of Baldwin County, Alabama.  The two-count Complaint purported to allege state-law causes of action against both defendants for bad-faith failure to pay insurance benefits and breach of the insurance contract.  On October 24, 2005, defendant Lexington

---

Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf.").  Accordingly, plaintiff's decision not to proffer argument or authority in response to the Motion is at his peril.

   [3]     This recitation of background facts is not intended to be, nor should it be construed as, a formal or binding set of factual findings.  This matter is before the Court on a Rule 12(b) motion, and plaintiff's accounts of these events are nothing more than bare allegations at this time.  This Order accepts as true the well-pleaded allegations of the Complaint, but expressly refrains from making any specific findings of fact.

   [4]     "[F]ictitious party practice is not authorized by either the Federal Rules of Civil Procedure or any federal statute."  *Harris v. Palm Harbor Homes, Inc.*, 198 F. Supp.2d 1303, 1304 (M.D. Ala. 2002); *see also Collins v. Fingerhut Companies, Inc.*, 117 F. Supp.2d 1283 n.1 (S.D. Ala. 2000) ("fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure"); *Rommell v. Automobile Racing Club of America, Inc.*, 964 F.2d 1090, 1098 n. 14 (11th Cir.1992) (similar).  In the event that this action remains in federal court, the undersigned will dismiss plaintiff's claims against the fictitious parties in the ordinary course.

removed this action to this District Court with the written consent of defendant Castleberry.  Federal subject matter jurisdiction for removal was predicated on diversity of citizenship, inasmuch as the Complaint alleged that McCain was a citizen of a Georgia, while Lexington was a Delaware citizen and Castleberry was an Alabama citizen, and the amount in controversy exceeded $75,000.[5]  The instant Motion to Dismiss the claims against Castleberry followed.[6]

## II.    Legal Standard.

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969).  A motion to dismiss may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986).  The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a), Fed.R.Civ.P. Moreover, the Court must, "at this stage of the litigation, . . . accept [plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); *Stephens v. HHS*, 901 F.2d 1571, 1573 (11th Cir. 1990); *cf. South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (conclusory allegations and unwarranted

---

[5]     Lexington devoted most of Notice of Removal to developing its theory that Castleberry had been fraudulently joined to defeat diversity jurisdiction, and that his citizenship therefore was jurisdictionally irrelevant.  Such an exercise in application of the fraudulent joinder doctrine is perplexing on its face, given that the Complaint clearly alleges that Castleberry is of diverse citizenship to the plaintiff, and Lexington's Answer (doc. 2) admits these jurisdictional facts.  (*See* Answer, ¶¶ 1-3.) Fraudulent joinder comes into play only when a nondiverse defendant is involved (*i.e.*, where complete diversity of citizenship is lacking).  *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (" Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.").  That scenario not existing here, the fraudulent joinder doctrine has no bearing on the jurisdictional propriety of Lexington's Notice of Removal.

[6]     Under Local Rule 7.1(a), a Rule 12(b) motion "must be supported by a brief.  Failure to file a brief may result in the denial of the motion."  *Id.*  Although Lexington's four-page Motion to Dismiss was not accompanied by a separate brief, it incorporates sufficient legal argument and analysis to satisfy the briefing requirement.

deductions of fact are not deemed true on a motion to dismiss).  The Court's inquiry at this stage

focuses on whether the challenged pleadings "give the defendant fair notice of what the plaintiff's claim

is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  A plaintiff must meet only an

"exceedingly low" threshold to withstand a Rule 12(b)(6) motion.  *United States v. Baxter Int'l, Inc.*,

345 F.3d 866, 881 (11ᵗʰ Cir. 2003).

**III.   Analysis.**

      The rationale behind the Motion is quite simple.  According to Lexington, Castleberry was not

a party to the insurance policy between Lexington and McCain.  Lexington argues that Alabama law

forbids imposition of liability against insurance agents for breach of insurance contracts or for bad faith

failure to pay insurance claims.  The legal authority cited by Lexington supports the proposition that an

insurance agent who is a non-party to an insurance contract generally cannot be held liable for breach

of contract or bad faith in relation to same.  For example, in *Ligon Furniture Co. v. O.M. Hughes

Ins., Inc.*, 551 So.2d 283 (Ala. 1989), the Alabama Supreme Court found that the trial court properly

granted summary judgment to an insurance agent on a breach of insurance contract claim because the

undisputed evidence revealed that the agent was not a party to said contract.  *See id.* at 285; *see also

Pate v. Rollison Logging Equipment, Inc.*, 628 So.2d 337, 343 (Ala. 1993) (agent or broker could

not be liable for breach of insurance contracts where facts showed that he was not a party to them).

Likewise, the *Ligon* court concluded that "[t]he tort of "bad faith" is not a cognizable cause of action in

Alabama, except in the context of a breach of an insurance contract ... by a party to that insurance

contract."  *Ligon*, 551 So.2d at 285.  Given the undisputed fact that the agent was not a party to that

contract, the *Ligon* court reasoned, that agent could not be liable for the bad faith claim.  However,

neither *Ligon* nor any of the other cases cited by Lexington holds that Alabama law forecloses

insurance agents from being parties to insurance contracts as a matter of law, or that such agents are

immune from contractual or bad-faith liability if they are in fact parties to such contracts.  As such, the

correct formulation of the Alabama case law on which Lexington relies is that, where an agent is not a

party to an insurance contract, he cannot be held liable for breaches of that contract or for bad faith

relating to same.

Lexington's line of argument overlooks one critical detail, to-wit: The Complaint expressly alleges that Castleberry <u>was</u> a party to the applicable insurance contract.  Indeed, Paragraph 17 alleges that "the Plaintiff and the Defendants were parties to a binding and enforceable homeowner's insurance Policy No. LE 0574469 02.  This policy was a contract between the Plaintiff and the Defendants to insure the Plaintiff's residence from damage resulting from wind and other perils."  *Id.*  Lexington has furnished the Court with a copy of what it represents to be the requisite insurance policy issued to McCain, and such policy does not reflect that Castleberry was a party to it.  There is therefore a conflict between the allegations of the Complaint (which expressly state that Castleberry was a party to the contract) and the copy of the contract provided by Lexington (which appears to establish that Castleberry was not a party).

For purposes of a Motion to Dismiss, the Court is generally bound to accept the allegations of the Complaint as true.  In this case, however, the movant has relied on information and documentation going beyond the scope of the Complaint, namely, the subject insurance policy.  On its face, the policy belies plaintiff's assertion in the Complaint that Castleberry was a party to that insurance contract.  If, indeed, Castleberry was not a party to the insurance policy, then McCain's claims against him fail as a matter of law under the *Ligon* strand of authority outlined *supra*.  If, however, he was a party to the policy, then the defenses propounded in the Motion to Dismiss are meritless, and he is a proper defendant in this action.  Either way, it is readily apparent that examination of matters outside the Complaint will be instrumental to resolving the merits of Castleberry's defense that he was not a party to the contract.  Under Rule 12(b), Fed.R.Civ.P., whenever a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  *Id.*  Thus, "[w]henever a judge considers matters outside the pleadings in a Rule 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion."  *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002); *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1237 (11th Cir. 2004) (observing that district court was required to treat motion to dismiss as a motion for summary judgment where both court and parties

relied on documents outside pleadings).  In compliance with Rule 56, a court converting a Rule 12(b) motion into a Rule 56 motion in this fashion must give the parties 10 days notice of the contemplated conversion to allow them an opportunity to supplement the record.  *See Jones v. Automobile Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1532 (11th Cir. 1990); *Trustmark*, 299 F.3d at 1267 ("The district court is required to notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record.").  The Eleventh Circuit has applied these requirements stringently, and has insisted on scrupulous compliance with the notice requirements by district courts. *See Jones*, 917 F.2d at 1533-35 (reversing district court for failure to comply with notice requirement, and explaining that it is of "utmost importance" that litigants be notified of transformation of motion to dismiss, and that notice requirement "serves as a valuable procedural safeguard"); *Trustmark*, 299 F.3d at 1367 ("This Circuit has consistently interpreted the notice rules strictly.").

In light of the foregoing, the parties are hereby **notified** that the pending Motion to Dismiss (doc. 3) has been **converted** to a Motion for Summary Judgment pursuant to Rules 12(b) and 56(c), Fed.R.Civ.P.  Pursuant to this conversion, McCain may supplement the record, on or before **December 7, 2005**, with any additional factual or legal materials that he deems appropriate in opposition to the Motion, including specifically any evidence or argument he may have in support of the allegation in his Complaint that Castleberry was a party to the insurance contract at issue.  Defendants may file a reply brief on or before **December 14, 2005**.  The Court will take the converted Motion, along with the duly supplemented record, under submission after **December 14, 2005**.


DONE and ORDERED this 17th day of November, 2005.


s/ WILLIAM H. STEELE                         
UNITED STATES DISTRICT JUDGE